UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NIKOLAY SHULIKOV, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 07-153-B-W |
| | ) |
| MAINE STATE PRISON STAFF, | ) |
| | ) |
| Defendants | ) |

ORDER GRANTING LEAVE TO PROCEED
*IN FORMA PAUPERIS*

Plaintiff, an inmate at the Maine State Prison, Warren, Maine, seeks leave to proceed *in forma pauperis*. The Amended Application to proceed *in forma pauperis* has been completed and is accompanied by a Certificate signed by an authorized individual from the Institution. The Certificate evidences that the applicant has $00.80 in his account as of October 9, 2007; that over the last six months the average deposits have been $45.83 and the average monthly balance has been $1.70.

The application is GRANTED, however, pursuant to 28 U.S.C. section 1915(b)(1), Plaintiff is required to pay the entire filing fee in this matter as funds become available. An initial partial filing fee is hereby ASSESSED in the amount of $9.17. In the event Plaintiff elects to proceed with this matter and so notifies the Court, the initial partial filing fee shall be forwarded by the institution as soon as funds are available. Subsequent payments **of twenty percent (20%) of Plaintiff's prior monthly income** shall be forwarded directly **by the institution** each time the amount in the inmate's account exceeds $10.00 until such time as the entire filing fee of $350.00 has been paid. Plaintiff is advised that, in the event he is released

from incarceration prior to the filing fee of $350.00 being paid in full, he is still required to pay the entire filing fee, absent further order of the court relieving him of the obligation.

In addition, Plaintiff is hereby on notice that the Court may dismiss this action if it:

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). If the Court does dismiss the action under this section, Plaintiff will still be required to pay the filing fee in full.

In my prior order I warned Shulikov that his complaint was susceptible to dismissal as he named as his defendant "Maine State Prison Staff" and indicated that he has no "direct defendants." I indicated that in order to pursue a civil rights action Shulikov must specify the defendants that are responsible for the alleged rights violation. Shulikov has filed a response that indicates that Dr. Bowman diagnosed him with glaucoma and that Sergeant Brownell and Officers Bustard and Searles know about his condition so they are defendants. It is clear that the relief that he wants is to be released from jail. Before Shulikov decides to incur the cost of this suit I put him on notice that his case is susceptible to summary dismissal because he is complaining about a medical diagnosis but not about a constitutionally deficient medical care. As alleged this complaint does not state an Eighth Amendment deliberate indifference claim.

Further, Plaintiff is hereby on notice that a prisoner with three in forma pauperis actions dismissed under section 1915(e) may not thereafter, absent "imminent danger of serious physical injury," file a new action without prepayment of the entire filing fee. 28 U.S.C. § 1915(g).

Now therefore, Plaintiff shall notify the Court no later than November 16, 2007, whether he intends to incur the cost of the filing fee and proceed with this action, or whether he intends to forego this litigation at this time. If Plaintiff elects to proceed, the written notification shall

clearly indicate that Plaintiff understands his obligation to pay the full $350 filing fee as funds are available, and that he nevertheless wishes to proceed with the action.  Failure to fully comply with this Order will result in the issuance of a recommendation to dismiss the Complaint.  A copy of this Order shall be forwarded to the Business Office of Maine State Prison, Warren, Maine, *following* Plaintiff's **indication to the Court that he intends to go forward with this matter and incur the $350.00 cost of suit.**

    SO ORDERED.

October 17, 2007                 /s/ Margaret J. Kravchuk
                                        U.S. Magistrate Judge