UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NIKOLAY SHULIKOV, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No.  07-153-B-W |
| | ) |
| MAINE STATE PRISON STAFF, | ) |
| | ) |
| Defendants | ) |

*Decision Recommending Summary Dismissal of Complaint*

  Nikolay Shulikov, an inmate at the Maine State Prison, Warren, Maine, filed a civil complaint that named as his defendant "Maine State Prison Staff" and indicated that he has no "direct defendants."  In an order directing him to file a new application to proceed in forma pauperis, I indicated that, in order to pursue a civil rights action, Shulikov must specify the defendants that are responsible for the alleged rights violation.  Shulikov filed a response indicating that Dr. Bowman diagnosed him with glaucoma and that Sergeant Brownell and Officers Bustard and Searles know about his condition so they are defendants and further indicating that the relief that he wants is to be released from jail.  In the order granting him leave to proceed in forma pauperis I warned Shulikov, before he decided to incur the cost of this suit, that his action is susceptible to summary dismissal because he is complaining about a medical diagnosis but not about a constitutionally deficient medical care; as alleged this complaint does not state an Eighth Amendment deliberate indifference claim.

  Shulikov has now responded that he wishes to proceed with this action.  He attaches a copy of a drawing of a  power station explaining:  "The power station can do different sizes and insert in every electric devise."  It is a very meticulous diagram in Shulikov's own hand.  In his

letter indicating his desire to proceed, he explains that he thinks this attachment deserves the attention of the court as the power station is designed to use one's own energy and, thus, is the kind of clean energy source now highly sought after.  He adds that he also has an idea for an electrical turbine for a flying machine and would like to speak to an expert to explain it.

As indicated in my earlier order, Shukilov's complaint does not state a claim on which relief can be granted and, the plaintiff having been forewarned, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A.  See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir.2007).  With respect to Shukilov's diagram of a power plant, this filing clearly is unrelated to any Eighth Amendment deliberate indifference claim and this Court is not the proper forum to request the assistance of an expert in a matter totally unrelated to a pending court proceeding.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

October 29, 2007.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge